**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

---

**EXCERPTS FROM LOCAL RULES OF COURT**

. . .

**LR 5.2 Documents to be Filed with the Clerk.**

> . . .

> (d)    A filed document in a case (other than a social security case) shall not contain any of the personal data identifiers listed in this rule unless permitted by an order of the court or unless redacted in conformity with this rule. The personal data identifiers covered by this rule and the required redactions are as follows:

>> 1. **Social Security Numbers**. If an individual's Social Security Number must be included in a document, only the last four digits of that number shall be used;

>> 2. **Names of minor children**. If the involvement of a minor child must be mentioned, only that child's initials shall be used;

>> 3. **Dates of birth**. If an individual's date of birth must be included, only the year shall be used;

>> 4. **Financial account numbers**. If financial account numbers must be included, only the last four digits shall be used.

>> . . .

. . .

**LR 5.4 Service and Filing of Discovery Material.**

> (a)    The parties in *pro se* cases, Health and Human Services cases (Social Security Appeals), and U.S. Government loan cases shall not be obligated to meet and confer prior to instituting discovery. Discovery shall commence no later than thirty (30) days from the date the complaint is served upon the defendant(s).

> (b)    Interrogatories, requests for disclosures, requests for documents, requests for admissions, and answers and responses thereto shall be served upon other counsel and parties but shall not be filed with the court except as authorized by a provision of the Federal Rules of Civil Procedure or upon an order of the court. The party responsible for serving a discovery request shall retain and become the custodian of the original response. Proof of service or certificates of service of discovery material shall not be filed separately with the clerk. The original transcript or recording of any deposition upon oral examination shall be retained by the party who arranged for the transcript or the recording.

(c)     If relief is sought under any of the Federal Rules of Civil Procedure, a copy of the discovery matters in dispute shall be filed with the court contemporaneously with any motion filed under these rules by the party seeking to invoke the court's relief.

(d)     When documentation of discovery not previously in the record is needed for appeal purposes, upon an application and order of the court or by stipulation of counsel, the necessary discovery papers shall be filed with the clerk.

. . .

## LR 7.1 Motions to be Written.

A motion must be written, and shall contain a certification by counsel for the movant that he or she has sought concurrence in the motion from each party, and that it has been either given or denied. No concurrence need be sought in *pro se* prisoner cases. A certificate of nonconcurrence does not eliminate the need for counsel to comply with Local Rule 26.3 relating to conferences between counsel in all discovery motions directed toward a resolution of the motion. Every motion shall be accompanied by a form of order which, if entered by the court, would grant the relief sought in the motion.

. . .

## LR 7.3 Exhibits and Other Documents Substantiating Motions.

When allegations of fact are relied upon in support of a motion, all pertinent affidavits, transcripts, and other documents must be filed simultaneously with the motion and shall comply with Local Rule 5.1 (f).

## LR 7.4 Motions for Summary Judgment.

For local rule regarding the filing of a motion for summary judgment, *see* LR 56.1. Briefing schedules under Local Rules 7.5, 7.6 and 7.7 are applicable to any brief filed in connection with a motion for summary judgment.

## LR 7.5 Submission of Briefs Supporting Motions.

Within fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion. If the motion seeks a protective order, a supporting brief shall be filed with the motion. If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn. A brief shall not be required: (a) In support of a motion for enlargement of time if the reasons for the request are fully stated in the motion, (b) In support of any motion which has concurrence of all parties, and the reasons for the motion and the relief sought are fully stated therein, or (c) In support of a motion for appointment of counsel.

## LR 7.6 Submission of Briefs Opposing Motions.

Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. Any party who fails to comply with this rule shall be deemed not to oppose such motion. Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of

the prescribed period for filing a brief in opposition. A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

**LR 7.7 Reply Briefs.**

A brief in reply to matters argued in a brief in opposition may be filed by the moving party within fourteen (14) days after service of the brief in opposition. No further briefs may be filed without leave of court.

**LR 7.8 Contents and Length of Briefs.**

    **(a) Contents of Briefs.**

Briefs shall contain complete citations of all authorities relied upon, including whenever practicable, citations both to official and unofficial reports. No brief may incorporate by reference all or any portion of any other brief. A copy of any unpublished opinion which is cited must accompany the brief as an attachment. The brief of the moving party shall contain a procedural history of the case, a statement of facts, a statement of questions involved, and argument. The brief of the opposing party may contain a counter statement of the facts and of the questions involved and a counter history of the case. If counter statements of facts or questions involved are not filed, the statements of the moving party will be deemed adopted. The brief of each party, if more than fifteen (15) pages in length, shall contain a table of contents, with page references, and table of citations of the cases, statutes and other authorities referred to therein, with references to the pages at which they are cited. A brief may address only one motion, except in the case of cross motions for summary judgment.

    **(b) Length of Briefs.**

        (1) Unless the requirements of Local Rule 7.8 (b)(2) and (3) are met, no brief shall exceed fifteen (15) pages in length.

        (2) A brief may exceed fifteen (15) pages so long as it does not exceed 5,000 words. If a brief is filed in accordance with this subsection, counsel, or an unrepresented party, must include a certificate (subject to Fed. R. Civ. P. 11) that the brief complies with the word-count limit described in this subsection. The person preparing the certificate may rely on the word count feature of the word-processing system used to prepare the brief. The certificate must state the actual number of words in the brief.

        (3) No brief exceeding the limits described in this rule may be filed without prior authorization. Any motion seeking such authorization shall specify the length of the brief requested and shall be filed at least two (2) working days before the brief is due.

. . .

. . .

**LR 7.10 Motions for Reconsideration.**

Any motion for reconsideration or reargument must be accompanied by a supporting brief and filed within fourteen (14) days after the entry of the order concerned. This rule is not applicable to a motion to alter or amend a judgment under Fed. R. Civ. P. 59.

. . .

**LR 8.1 Statement of Amount of Damages.**

The demand for judgment required in any pleading in any civil action pursuant to Fed.R.Civ.P.8(a)(3) may set forth generally that the party claiming damages is entitled to monetary relief but shall not claim any specific sum where unliquidated damages are involved. The short plain statement of jurisdiction, required by Fed.R.Civ.P.8(a)(1), shall set forth any amounts needed to invoke the jurisdiction of the court but no other.

. . .

**LR 15.1 Amended Pleadings.**

    **(a) Proposed amendment to accompany the motion.**

When a party files a motion requesting leave to file an amended pleading, the proposed amended pleading must be retyped or reprinted so that it will be complete in itself including exhibits and shall be filed on paper as a separate document or, in the Electronic Filing System, as an attachment to the motion. If the motion is granted, the clerk shall forthwith file the amended pleading. Unless otherwise ordered, an amended pleading that does not add a new defendant shall be deemed to have been served for the purpose of determining the time for response under Fed. R. Civ. P. 15(a), on the date the court grants leave for its filing. A party granted leave to amend its pleading, when the amended pleading would add a new defendant, shall file and effect service of the amended pleading within thirty (30) days after the date of the Order granting leave for its filing.

    . . .

. . .

**LR 26.4 Discovery Proceedings, Closing of.**

In the absence of a discovery deadline set forth in a court order, each party to a civil action shall complete all discovery proceedings within six (6) months of the date of the last pleading filed by that party. The word "pleading" shall have the same meaning in this rule as in Fed.R.Civ.P.7(a). After the expiration of the discovery deadline, the parties are deemed ready for trial.

. . .

**LR 33.1 Interrogatories and Answers or Objections, Form of Service.**

When interrogatories are served upon another party pursuant to Fed.R.Civ.P.33, the original and two (2) copies thereof shall be served upon the party who is to answer such interrogatories. Interrogatories shall be prepared in such fashion that sufficient space is provided immediately after

each interrogatory or subsection thereof for insertion of the answer or objection and supporting reasons for the objection. If there is insufficient space to answer or object to an interrogatory, the remainder of the answer or objection shall follow on a supplemental sheet. The answers shall be under oath.

**LR 33.2 Interrogatories, Supplemental Answers to.**

Upon discovery by any party of information which renders that party's prior answers to interrogatories substantially inaccurate, incomplete or untrue, such party shall serve appropriate supplemental answers with reasonable promptness on all counsel or parties.

**LR 33.3 Interrogatories, Number of.**

Interrogatories to a party, as a matter of right, shall not exceed twenty five (25) in number. Interrogatories inquiring as to the names and locations of witnesses, or the existence, location and custodian of documents or physical evidence each shall be construed as one interrogatory. All other interrogatories, including subdivisions of one numbered interrogatory, shall be construed as separate interrogatories. If counsel for a party believes that more than twenty five (25) interrogatories are necessary, counsel shall consult with opposing counsel promptly and attempt to reach a written stipulation as to a reasonable number of additional interrogatories. Counsel are expected to comply with this requirement in good faith. In the event a written stipulation cannot be agreed upon, the party seeking to submit additional interrogatories shall file a motion with the court showing the necessity for relief.

**LR 36.1 Requests for Admission, Number of.**

Requests for admissions to a party, as a matter of right, shall not exceed twenty five (25) in number. All requests for admissions, including subdivisions of one numbered request for admission, shall be construed as separate requests for admissions. If counsel for a party believes that more than twenty five (25) requests for admissions are necessary, counsel shall consult with opposing counsel promptly and attempt to reach a written stipulation as to a reasonable number of additional requests for admissions. Counsel are expected to comply with this requirement in good faith. In the event a written stipulation cannot be agreed upon, the party seeking to submit additional requests for admissions shall file a motion with the court showing the necessity for relief.

**LR 36.2 Requests for Admissions, Form of Objections to.**

Objections to requests for admissions pursuant to Fed.R.Civ.P.36 shall identify and quote verbatim each request for admission to which objection is made and the supporting reasons for the objection.

**LR 37.1 Discovery Abuse, Sanctions for.**

In addition to the application of those sanctions specified in Local Rule 83.3, the court may impose upon any party or counsel such sanctions as may be just, including the payment of reasonable expenses and attorney's fees, if any party or attorney abuses the discovery process in seeking, making or resisting discovery. In an appropriate case, the court may, in addition to other remedies, notify the Attorney General of the United States in a public writing that the United States, through its officers or attorneys, has failed without good cause to cooperate in discovery or has otherwise abused the discovery process.

. . .

**LR 56.1 Motions for Summary Judgment.**

A motion for summary judgment filed pursuant to Fed.R.Civ.P.56, shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.

The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried.

Statements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements.

All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

. . .

**LR 72.2 Appeals from Non-Dispositive Orders of Magistrate Judges.**

Any party may appeal from a magistrate judge's order determining a non-dispositive pretrial motion or matter in any civil or criminal case in which the magistrate judge is not the presiding judge of the case, within fourteen (14) days after issuance of the magistrate judge's order, unless a different time is prescribed by the magistrate judge or a judge. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, a written statement of appeal which shall specifically designate the order, or part thereof, appealed from and the basis for any objection thereto. At the time the appeal is filed, the appellant shall also file a brief addressed to the issue raised by the objection to the order or part appealed from. Any party opposing the appeal shall file a responsive brief within fourteen (14) days after service of the appellant's brief. A brief in reply may be filed within seven (7) days after service of the opposing party's brief. A judge of the court shall consider the appeal and shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. The judge may also reconsider *sua sponte* any matter determined by a magistrate judge under this rule.

**LR 72.3 Review of Reports and Recommendations of Magistrate Judges Addressing Case Dispositive Motions.**

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record

developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

---

## EXCERPTS FROM FEDERAL RULES OF CIVIL PROCEDURE

. . .

### Rule 5.2.  Privacy Protection for Filings Made with the Court

(a) REDACTED FILINGS. Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
   (1) the last four digits of the social-security number and taxpayer-identification number;
   (2) the year of the individual's birth;
   (3) the minor's initials; and
   (4) the last four digits of the financial-account number.

. . .

### Rule 7.  Pleadings Allowed; Form of Motions and Other Papers

(a) PLEADINGS. Only these pleadings are allowed:
   (1) a complaint;
   (2) an answer to a complaint;
   (3) an answer to a counterclaim designated as a counterclaim;
   (4) an answer to a crossclaim;
   (5) a third-party complaint;
   (6) an answer to a third-party complaint; and
   (7) if the court orders one, a reply to an answer.

(b) MOTIONS AND OTHER PAPERS.
   (1) *In General.* A request for a court order must be made by motion. The motion must:
      (A) be in writing unless made during a hearing or trial;
      (B) state with particularity the grounds for seeking the order; and
      (C) state the relief sought.
   (2) *Form.* The rules governing captions and other matters of form in pleadings apply to motions and other papers.

### Rule 8.  General Rules of Pleading

(a) CLAIM FOR RELIEF. A pleading that states a claim for relief must contain:
   (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
   (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
   (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

. . .

(d) PLEADING TO BE CONCISE AND DIRECT; ALTERNATIVE STATEMENTS; INCONSISTENCY.
    (1) *In General.* Each allegation must be simple, concise, and direct. No technical form is required.

. . .

(d) CONSTRUING PLEADINGS. Pleadings must be construed so as to do justice.

. . .

**Rule 11.  Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions**

(a) SIGNATURE. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

(b) REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
    (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
    (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
    (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
    (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c) SANCTIONS.
    (1) *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
    (2) *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.
    (3) *On the Court's Initiative.* On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

(4) *Nature of a Sanction.* A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

(5) *Limitations on Monetary Sanctions.* The court must not impose a monetary sanction:

    (A) against a represented party for violating Rule 11(b)(2); or

    (B) on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.

(6) *Requirements for an Order.* An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.

(d) INAPPLICABILITY TO DISCOVERY. This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37.

**Rule 12.   Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing**

. . .

(b) HOW TO PRESENT DEFENSES. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

(1) lack of subject-matter jurisdiction;

(2) lack of personal jurisdiction;

(3) improper venue;

(4) insufficient process;

(5) insufficient service of process;

(6) failure to state a claim upon which relief can be granted; and

(7) failure to join a party under Rule 19.

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

(c) MOTION FOR JUDGMENT ON THE PLEADINGS. After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.

(d) RESULT OF PRESENTING MATTERS OUTSIDE THE PLEADINGS. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

(e) MOTION FOR A MORE DEFINITE STATEMENT. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the

court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

    (f) MOTION TO STRIKE. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

    (1) on its own; or

    (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

    . . .

. . .

## Rule 15.  Amended and Supplemental Pleadings

    (a) AMENDMENTS BEFORE TRIAL.

    (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:

    (A) 21 days after serving it, or

    (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

    (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

    (3) *Time to Respond.* Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

    . . .

. . .

## Rule 18.  Joinder of Claims

    (a) IN GENERAL. A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party.

    . . .

. . .

## Rule 20.  Permissive Joinder of Parties

    (a) PERSONS WHO MAY JOIN OR BE JOINED.

    (1) *Plaintiffs.* Persons may join in one action as plaintiffs if:

    (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

    (B) any question of law or fact common to all plaintiffs will arise in the action.

(2) *Defendants.* Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

(3) *Extent of Relief.* Neither a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded. The court may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities.

(b) PROTECTIVE MEASURES. The court may issue orders—including an order for separate trials—to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party.

. . .

## Rule 33.  Interrogatories to Parties

(a) IN GENERAL.

(1) *Number.* Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).

(2) *Scope.* An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

(b) ANSWERS AND OBJECTIONS.

(1) *Responding Party.* The interrogatories must be answered:

(A) by the party to whom they are directed; or

(B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party.

(2) *Time to Respond.* The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

(3) *Answering Each Interrogatory.* Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.

(4) *Objections.* The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

(5) *Signature.* The person who makes the answers must sign them, and the attorney who objects must sign any objections.

. . .

. . .

## Rule 36.   Requests for Admission

(a) SCOPE AND PROCEDURE.

(1) *Scope.* A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
(A) facts, the application of law to fact, or opinions about either; and
(B) the genuineness of any described documents.

(2) *Form; Copy of a Document.* Each matter must be separately stated. A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying.

(3) *Time to Respond; Effect of Not Responding.* A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

(4) *Answer.* If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

(5) *Objections.* The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.

(6) *Motion Regarding the Sufficiency of an Answer or Objection.* The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.

(b) EFFECT OF AN ADMISSION; WITHDRAWING OR AMENDING IT. A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

. . .

## Rule 56.   Summary Judgment

(a) MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT. A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(b) TIME TO FILE A MOTION. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(c) PROCEDURES.
(1) *Supporting Factual Positions*. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
(2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
(3) *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
(4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d) WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
(1) defer considering the motion or deny it;
(2) allow time to obtain affidavits or declarations or to take discovery; or
(3) issue any other appropriate order.

(e) FAILING TO PROPERLY SUPPORT OR ADDRESS A FACT. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
(1) give an opportunity to properly support or address the fact;
(2) consider the fact undisputed for purposes of the motion;
(3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or
(4) issue any other appropriate order.

(f) JUDGMENT INDEPENDENT OF THE MOTION. After giving notice and a reasonable time to respond, the court may:
(1) grant summary judgment for a nonmovant;
(2) grant the motion on grounds not raised by a party; or
(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

(g) FAILING TO GRANT ALL THE REQUESTED RELIEF. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of

damages or other relief — that is not genuinely in dispute and treating the fact as established in the case.

(h) AFFIDAVIT OR DECLARATION SUBMITTED IN BAD FAITH. If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court — after notice and a reasonable time to respond — may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.