# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT J. MURRAY, | No. 4:21-CV-00122 |
| Plaintiff. | (Judge Brann) |
| v. | |
| GENE CLARK, *et al.*, | |
| Defendants. | |

## ORDER

**FEBRUARY 9, 2021**

**AND NOW**, upon consideration of Plaintiff's complaint pursuant to 28 U.S.C. § 1983,[1] and it appearing that he has paid the full filing fee,[2] **IT IS HEREBY ORDERED** that:

1. The Wyoming County Jail is **DISMISSED** pursuant to 28 U.S.C. §1915A.[3]  To state a claim under 42 U.S.C. § 1983, the plaintiff must allege that "the violation of a right secured by the Constitution and laws

---

[1] Doc. 1.
[2] Doc. 3.
[3] A federal court may properly dismiss an action *sua sponte*, in whole or in part, under the screening provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief    from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).  The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. Cty of Allegheny*, 515 F.3d   224, 229 (3d Cir. 2008).  Section 1915A, requires federal district courts to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  If a complaint fails to state a claim upon which relief may be granted, the Court must dismiss the complaint.  28 U.S.C. § 1915A(b)(1).

of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[4] Only "persons" are subject to suit under § 1983, and entities such as county jails do not qualify as "persons";[5]

2. The Clerk of Court is directed to NOTE on the docket that the Wyoming County Jail is terminated;

3. Plaintiff is granted *in forma pauperis* status for the sole purpose of the Court's facilitation of service of the complaint;[6]

4. In accordance with Federal Rule of Civil Procedure 4(c)(3), the Clerk of Court is further directed to **SERVE** a copy of the Complaint, notice of lawsuit and request to waive service of summons (form AO 398), waiver of the service of summons (form AO 399) and this Order on the named Defendants. In the interests of efficient administrative judicial economy, the Court requests that the Defendants waive service pursuant to Federal Rule of Civil Procedure 4(d);

---

[4] *Rehberg v. Paulk*, 566 U.S. 356, 361, (2012) citing *Imbler v. Pachtman*, 424 U.S. 409, 417, (1976) (citing 42 U.S.C. § 1983).

[5] *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65 (1989); *Slagel v. Cty of Clarion*, 435 F.3d 262, 264 n. 3 (3d Cir. 2006) (affirming on other grounds and observing that the district court properly "dismissed Clarion County Jail as a defendant in this case, stating 'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws' ").

[6] Plaintiff is presently incarcerated at the State Correctional Institution at Dallas, Pennsylvania.

5.       If service is unable to be completed due to Plaintiff's failure to properly name a Defendant, or provide an accurate mailing address, Plaintiff will be required to correct this deficiency. Failure to comply may result in the dismissal of Plaintiff's claims against such Defendant pursuant to Federal Rule of Civil Procedure 4(m).

                BY THE COURT:

                *s/ Matthew W. Brann*
                Matthew W. Brann
                United States District Judge