**NEWMAN | WILLIAMS**
A PROFESSIONAL CORPORATION

BY: GERARD J. GEIGER, ESQUIRE
IDENTIFICATION NO. 44099
LAW OFFICES
712 MONROE STREET
P.O. BOX 511
STROUDSBURG, PA 18360-0511
(570) 421-9090 (voice)
(570) 424-9739 (fax)
ggeiger@newmanwilliams.com

Attorney for Defendants: Jean Clark and Ronald Murach

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT J. MURRAY,<br>         Plaintiff,<br>v.<br>WYOMING COUNTY JAIL, et. al.,<br>         Defendants | No. 4:21-CV-00122-MWB-EBC<br><br>Jury Trial Demanded |

## ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS, JEAN CLARK AND RONALD MURACH

Defendants, Jean Clark and Ronald Murach (incorrectly identified as Gene Clark and Sergeant Mirach), answer plaintiff's complaint as follows:

**I. The Parties to this Complaint.**

Denied. The Jail is not a suable defendant and the court properly dismissed the claims against the jail. Clark and Murach are improperly named. Their correct names are Jean Clark and Ronald Murach. "Jail

1

Nurse" is not properly identified, and the Court has given plaintiff until March 24, 2021 to properly identify this party.

### II. Basis for Jurisdiction

Admitted in part and denied in part. Defendants admit this court has subject matter and personal jurisdiction over the claims Murray raises. They deny Murray has stated or can state a claim.

### III. Prisoner Status

Admitted.

### IV. Statement of Claim.

Denied. Defendants deny this paragraph. Defendants were not deliberately indifferent to Murray's serious medical needs. To the contrary, the PrimeCare Medical Department was tasked with caring for those needs and defendants had no reason to believe Murray was not receiving adequate care. Additionally, the jail has in place an established grievance system which Murray could have used to address his disagreement with the treatment plan of the healthcare staff. Had he done so, his complaints could have been addressed. While Murray may disagree with the care the medical

2

professionals provide, a disagreement in care is not the basis of a §1983 Civil Rights claim.

### V.    Injuries

Denied. The defendants deny that Murray suffered any injuries caused by their misconduct.

### VI.    Relief

Denied. The defendants deny Murray is entitled to any award against them or that he has stated a claim.

### VII.    Exhaustion of Administrative Remedies

Admitted in part and denied in part. Defendants admit the availability of grievance remedies and that the claims raised in this lawsuit could have been addressed in the jail's grievance procedures.

Defendants admit Murray failed to exhaust his available administrative remedies. Murray himself admits this, which is fatal to his claim under the Prison Litigation Reform Act. Murray had ample opportunity to raise these issues with the correctional staff and was fully

capable of doing so. Instead, he filed this lawsuit without giving the jail an opportunity to address his complaints.

### VIII.   Previous Lawsuits

Denied. Defendants have no knowledge of what lawsuits Murray may have previously filed. However, based on a search of PACER, this lawsuit appears to be the only lawsuit Murray filed in the Middle District.

WHEREFORE, the defendants ask the Court to enter judgment in their favor and against the plaintiff.

## AFFIRMATIVE DEFENSES

1.   The plaintiff's claims are barred by the Prison Litigation Reform Act for his failure to exhaust available administrative remedies pursuant to the jail's grievance system.

2.   The plaintiff's claims are barred by the statute of limitations.

3.   Plaintiff's claims are barred and/or limited by the provisions of the Prison Litigation Reform Act.

4.   To the extent that that plaintiff asserts claims based on Pennsylvania law, Plaintiff's claims are barred and/or limited by the Political Subdivision Tort Claims Act.

5.  Plaintiff's claims are impermissibly based on a theory of respondeat superior.

WHEREFORE, the defendants ask the Court to enter judgment in their favor and against the plaintiff. Defendants demand a trial by jury.

NEWMAN | WILLIAMS

By: _____
Gerard J. Geiger, Esquire
Attorney I.D. # PA 44099

Date: March 8, 2021

## Certificate of Service

I hereby certify that on this date, I served a true and correct copy of the foregoing document on pro se plaintiff via 1st class mail, addressed as follows:

Robert J. Murray QA2794
SCI – Dallas
SPECIAL MAIL – OPEN ONLY IN
THE PRESENCE OF THE INMATE
1000 Follies Road
Dallas, PA 18612

                                  NEWMAN | WILLIAMS

                                  By: _____
                                         Gerard J. Geiger, Esquire
                                          Attorney I.D. # PA 44099

Date: March 8, 2021