# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT J. MURRAY, | No. 4:21-CV-00122 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| GENE CLARK, *et al.*, | |
| Defendants. | |

## ORDER

### NOVEMBER 18, 2021

**AND NOW**, upon consideration of Plaintiff's letter motion[1] renewing his request for appointment of counsel, and the Court observing that, while there is no right to counsel in a civil case,[2] pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel," and the Court further noting that, under *Tabron v. Grace*, in deciding whether counsel should be appointed, the Court first considers whether a claim has "arguable merit in fact and law," and, if it does, the Court then considers additional factors, which include: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues presented; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) whether credibility

---

[1] Doc. 27.
[2] *See Tabron v. Grace*, 6 F.3d 147, 153-54 (3d Cir. 1993); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997).

determinations will play a significant role in the resolution of the applicant's claims; (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can afford counsel on his or her own behalf,[3] and the Court finding that Plaintiff's claims have arguable merit in fact and law; Plaintiff has struggled to present his case and adhere to the Federal Rules of Civil Procedure; Plaintiff's Eighth Amendment claims will likely require credibility determinations; an expert medical opinion may be required due to the nature of Plaintiff's medical-care claims; Plaintiff cannot afford to hire private counsel; and Plaintiff has made extensive efforts to find an attorney with no success; and the Court thus concluding that the *Tabron v. Grace* factors warrant appointment of counsel at this time;  **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion (Doc. 27) for appointment of counsel is conditionally **GRANTED**.

2. The Clerk of Court shall forward a copy of this Order to the Chair of the Federal Bar Association's Pro Bono Committee, Michael A. O'Donnell, Esq., O'Donnell Law Offices, 267 Wyoming Ave., Kingston, Pennsylvania, 18704, for the purpose of obtaining counsel for Plaintiff.

3. The current case management deadlines in this case, (*see* Doc. 19), are **STAYED** for 45 days while Attorney O'Donnell attempts to find counsel to represent Plaintiff.  Plaintiff is advised that if the Court is unable to find counsel to represent him, he will be required to continue with his case *pro se*.

---

[3]   *Tabron*, 6 F.3d at 155-57.

4. Following resolution of conditional appointment of counsel, the Court—either upon motion or *sua sponte*—shall issue a revised case management order.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge