**NEWMAN | WILLIAMS**
A PROFESSIONAL CORPORATION

BY: GERARD J. GEIGER, ESQUIRE  　　　Attorney for Defendants: Jean Clark and Ronald
IDENTIFICATION NO. 44099　　　　　　　Murach
LAW OFFICES
712 MONROE STREET
P.O. BOX 511
STROUDSBURG, PA 18360-0511
(570) 421-9090 (voice)
(570) 424-9739 (fax)
ggeiger@newmanwilliams.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT J. MURRAY,<br>　　　　Plaintiff,<br><br>v.<br><br>WYOMING COUNTY JAIL, et. al.,<br>　　　　Defendants | No. 4:21-cv-00122-MWB-MP<br><br>Jury Trial Demanded |

## Brief In Support of Defendants' Motion to Strike Plaintiff's Amended Complaint

### I.　Procedural History

Plaintiff filed his original Complaint on January 22, 2021. (Doc. No. 1).

On October 19, 2021, plaintiff filed a motion for leave to file an Amended Complaint (Doc. No. 23), asking to add Warden Repsher and County Commissioner Henry as new defendants.

This Court denied that motion on October 25, 2021 (Doc. No. 25) because plaintiff failed to comply with LR 15.1 and because the discovery

1

period was almost exhausted:

> "...[T]he Court observing that Plaintiff fails to provide any facts or legal argument to support his motion, and that Plaintiff has also failed to follow Local Rule of Court 15.1, which outlines the procedure for motions to amend pleadings, and the Court noting that this case is well advanced into the discovery stage and dispositive motions are due next month, and the Court thus concluding that there is no basis on which to grant leave to amend, IT IS HEREBY ORDERED that Plaintiff's motion to amend, (Doc. 23), is DENIED."

(Doc. No. 25) (footnotes omitted).

On January 31, 2022, Murray filed an amended complaint without first having obtained leave, pursuant to Rule 15, to file such a complaint. He did so despite the court's early admonition that he must comply with LR 15.1 to file amended pleadings. He also did so despite the court denying his earlier request to amend due to the late timing of his request.

In this most recent pleading, Murray now plans to add three correctional officers to his lawsuit:

1.  Corporal Rosenbaum;

2.  Corporal Wildenstein; and

3.  Officer Polluck.

Murray names these three new defendants for acts that occurred on January 25, 2019, more than three years ago.

Murray apparently abandoned his effort to sue the Warden and a County Commissioner since they are not included in this most recent complaint.

2

The discovery deadline is March 8, 2022. Dispositive motions are due April 8, 2022.

## II. Facts

These facts are taken from Murray's Amended Complaint. (Doc. No. 35).

Murray was incarcerated at the Wyoming County Jail. He claims that on January 25, 2019, he experienced a severe headache. Id., at ¶ 10. He says he told Officer Rosenbaum, a proposed defendant, that he thought he was having a stroke. Id., at ¶ 11. He agrees it was no one's fault that he had a stroke, id., at ¶ 12, but blames the defendants for delaying treatment.

Rosenbaum told Murray that he would tell Corporal Clark, a supervisor, about his condition, but Murray does not allege he had any direct contact with Clark.

Later that day, proposed defendants Rosenbaum and Polluck escorted Murray to a video court hearing before a judge. Id., at ¶ 24. Murray does not explain whether he told his concerns to the judge during the hearing. Apparently not.

After the hearing, Rosenbaum expressed to Clark and the nurse that he thought there might be something wrong with Murray. Id., at ¶ 25. The nurse told Rosenbaum and Clark that there was nothing wrong with him and he should be placed back in his cell. Id., at ¶ 26.

Murray proposes to name Corporal Wildenstein as a new defendant, but the claims are contradictory. He admits he was not even sure if Wildenstein knew anything about his condition in paragraph 28 but then later says that Wildenstein observed him, thought he did not look well and called the nurse.

Murray said that Wildenstein argued with the nurse about the seriousness of Murray's condition, id., at ¶ 32, and then called an ambulance, apparently rejecting the nurse's assessment. Murray proposes to sue Wildenstein despite his efforts to advocate for him with the medical staff.

Murray sues defendant Mirach because he allegedly "lied" to a nurse that the jail was equipped to handle Murray's recovery. Id., at ¶ 36.

Murray admits he did not exhaust his administrative remedies because he concluded there was no reason to pursue his available grievances once he returned to the jail. Id., at ¶ 40.

## II. Questions Presented

1. Whether the court should strike the plaintiff's amended complaint because he did not comply with LR 15.1?

   **Suggested Answer:** Yes. The court previously told plaintiff that amended pleadings require compliance with LR 15.1 and he ignored that admonition.

2. Whether Murray should be allowed to add three new

4

defendants to his lawsuit where the claims against the new defendants are barred by the statute of limitations?

> **Suggested Answer:** No. Plaintiff adds three new defendants more than three years after the events he describes in his complaint. His description of their involvement would have been clearly known to him which, therefore, does not implicate the discovery rule.

### III.  Argument

#### A.  This Court never granted leave to amend the pleadings

Except in cases where a party may amend its pleadings as a matter of right, amendment is only permitted with the written consent of the opposing parties or with leave of court. Fed. R. Civ. P. 15(a)(2).

A party may amend as a matter of right only within 21 days after serving the pleading. Fed. R. Civ. P. 15(a)(1). Therefore, plaintiff cannot amend his complaint as a matter of right.

Plaintiff does not have the written consent of the defendants.

Plaintiff has not filed a motion for leave of Court to amend his Complaint prior to filing the purported pleading. Therefore, he does not have leave of Court.

In fact, this Court already denied him leave once when it denied his motion to amend (Doc. No. 23). *See* Doc. No. 25.

As plaintiff has no right to amend his pleading, the purported Amended Complaint is improper and should be stricken.

5

B.    **Futility of Amendment**

Plaintiff's claims relate to events which happened more than three years ago. The statute of limitations is two years. Although the statute of limitations is an affirmative defense, it is an exercise in futility to name three defendants. They will all have to be served, will be required to respond to the complaint, will raise the statute of limitations, and will be entitled to judgment. It will lengthen the ultimate resolution of this case, which this court considered the last time it rejected amendment.

The defendants appreciate that Murray does not have a lawyer. However, the last time the court rejected his motion to amend, it explained in detail the procedure for a party to properly amend. Murray ignored that advice.

Also, the discovery rule is not implicated. It is apparent that Murray knew all of the proposed defendants' involvement in his treatment on the day of his stroke and has not claimed why he should be excused from explaining why he delayed in asking for amendment.

## IV. Conclusion

WHEREFORE, the defendants ask that the court strike the plaintiff's amended complaint.

                              NEWMAN | WILLIAMS

                        By: _____
                                Gerard J. Geiger, Esquire
                                Attorney ID: PA44099

Date: February 7, 2022

## Certificate of Service

I hereby certify that on this date, I served a true and correct copy of the foregoing document on pro se plaintiff via first class mail, addressed as follows:

Robert J. Murray QA2794
SCI- Dallas
SPECIAL MAIL- OPEN ONLY IN
THE PRESENCE OF THE INMATE
1000 Follies Road
Dallas, PA 18612

                        NEWMAN | WILLIAMS

By: _____
              Gerard J. Geiger, Esquire
              Attorney ID: PA44099

Date: February 7, 2022