**NEWMAN | WILLIAMS**
A PROFESSIONAL CORPORATION

BY: GERARD J. GEIGER, ESQUIRE
IDENTIFICATION NO. 44099
LAW OFFICES
712 MONROE STREET
P.O. BOX 511
STROUDSBURG, PA 18360-0511
(570) 421-9090 (voice)
(570) 424-9739 (fax)
ggeiger@newmanwilliams.com

Attorney for Defendants: Jean Clark and Ronald Murach

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT J. MURRAY,<br><br>                    Plaintiff,<br>v.<br><br>WYOMING COUNTY JAIL, et al.,<br><br>                    Defendants | No. 4:21-CV-00122<br><br> Jury Trial Demanded |

**Defendants' Answer to Plaintiff's Motion to
Compel Discovery**

Defendants respond and answer plaintiff's motion to compel discovery

(Doc. No. 36), as follows:

1.    On February 2, 2022, plaintiff filed his first set of interrogatories

contemporaneously with a Motion to Compel Discovery.

2.    Plaintiff claims defendants "refused to answer" his interrogatories,

submitted December 23, 2021.

1

3.      However, defendants did not receive any discovery requests from Murray on that date prior to the filing of this Motion.

4.      They did not see his interrogatories until reviewing the attachment to his motion to compel.

5.      Furthermore, on November 18, 2021, the court ordered a stay of <u>all</u> proceedings (Doc. No. 29) to give the Federal Bar Association's Pro Bono Committee an opportunity to find a lawyer for Mr. Murray. Given that no willing lawyer could be found to represent Mr. Murray, the court only lifted the stay on January 5, 2022 (Doc. No. 32).

6.      Shortly thereafter, Murray filed an amended complaint (Doc. No. 35) without prior court permission and after a previous request for amendment was denied. (Doc. No. 25).

7.      Defendants will timely answer plaintiff's interrogatories, but they note that many of Murray's discovery requests are inappropriate questions in discovery and relate to information not in their possession. For example, Murray asks the defendants to produce his medical records from Geisinger and from the jail's medical provider. These records cannot be obtained by defendants without a signed medical release because they are confidential and disclosure would violate HIPAA.

8.      The defendants are interested in obtaining those records and just provided Murray with a medical release form to sign. Provided he returns the

signed form to defense counsel, the defendants will subpoena Murray's medical records from Wyoming Geisinger and provide him with a complete copy of what they receive.

9.   The discovery deadline has not yet passed.


NEWMAN | WILLIAMS

By: s/Gerard J. Geiger, Esq.
           Attorney for defendants

Date: February 23, 2022

**Certificate of Service**

I hereby certify that on this date, I served a true and correct copy of the

foregoing document on pro se plaintiff via first class mail, addressed as follows:


Robert J. Murray
QA2794
SCI- Dallas
SPECIAL MAIL- OPEN ONLY IN
THE PRESENCE OF THE INMATE
1000 Follies Road
Dallas, PA 18612



NEWMAN | WILLIAMS

By: s/Gerard J. Geiger, Esq.
            Attorney for defendants

Date: February 23, 2022