**NEWMAN | WILLIAMS**
A PROFESSIONAL CORPORATION

BY: GERARD J. GEIGER, ESQUIRE

IDENTIFICATION NO. 44099

LAW OFFICES

712 MONROE STREET

P.O. BOX 511

STROUDSBURG, PA 18360-0511

(570) 421-9090 (voice)

(570) 424-9739 (fax)

ggeiger@newmanwilliams.com

Attorney for Defendants: Jean Clark and Ronald Murach

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT J. MURRAY,<br><br>           Plaintiff,<br><br>v.<br><br>WYOMING COUNTY JAIL, et al.,<br><br>           Defendants | No. 4:21-CV-00122<br><br>Jury Trial Demanded |

**Defendants' Brief Opposing
Plaintiff's Motion to Compel Discovery**

**I.     PROCEDURAL HISTORY**

Plaintiff filed a Motion to Compel Answers to Discovery on February 2, 2022.

On February 18, 2022, the Court ordered defendants to respond.

1

II.    FACTS

Murray was an inmate at the Wyoming County Correctional Facility and filed this lawsuit to complain about the care he received during his incarceration.

Murray claims that the Wyoming County defendants delayed in taking him for medical care after he complained of a painful headache. He says he was diagnosed at Wyoming Geisinger with a stroke and that the delay in his hospitalization caused him to suffer impairments he might not have otherwise had.

Murray filed a motion to compel the defendants to answer his discovery, which he claims he sent on December 23, 2021.  However, until the motion was filed, the defense did not receive his interrogatories.

However, even if he had sent discovery on December 23, 2021, there was a stay in effect. On November 18, 2021, the court ordered a stay of all proceedings (Doc. No. 29) to give the Federal Bar Association's Pro Bono Committee an opportunity to find a lawyer for Mr. Murray.

The Committee could not find anyone willing to take Murray's case. As a result, the court lifted the stay on January 5, 2022 (Doc. No. 32).

Murray complicated his case by filing an amended complaint without court permission and the defendants move to strike that amended complaint and filed a supporting brief.

Some of what Murray asks for cannot be produced by the defendants. He seeks copies of his records from Geisinger, which the defendants also want. The defense just sent Murray a medical release form to sign. If he returns the signed release the defendants will provide him with complete copies of his Geisinger records without charge to him.

## III.   ISSUES

Whether the Court should grant plaintiff's Motion to Compel?

Suggested answer: no.

## IV.   ARGUMENT

The defense did not receive Murray's discovery until he filed his motion to compel, which we noted in our response.

Many of his questions are improper but the defense should have 30 days to respond as provided by the rules of civil procedure.

As noted in our answer to the motion, the defense is willing to subpoena Murray's records from Geisinger and provide him with a copy, but we will need him to sign a HIPAA-compliant release. We just sent him a medical release before filing this response.

Since the defense only received his discovery requests via ECF on February

2, 2022, we should be given until at least March 4, 2022 to formulate a response.

We anticipate we will object to some of what he requests, because his

requests are inappropriate, but we intend to send him a timely response, making

moot his motion to compel.


V.   **CONCLUSION**

For this reason, defendants ask the Court to deny plaintiff's Motion to

Compel.

NEWMAN | WILLIAMS

By: s/ Gerard J. Geiger, Esq.
Attorney for defendants


Date: February 23, 2022

Certificate of Service

I hereby certify that on this date, I served a true and correct copy of the foregoing

document on pro se plaintiff via first class mail, addressed as follows:

Robert J. Murray
QA2794
SCI- Dallas
SPECIAL MAIL- OPEN ONLY IN
THE PRESENCE OF THE INMATE
1000 Follies Road
Dallas, PA 18612


NEWMAN | WILLIAMS

By: s/ Gerard J. Geiger, Esq.
Attorney for defendants


Date: February 23, 2022