IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT J. MURRAY, | No. 4:21-CV-00122 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| GENE CLARK, *et al.*, | |
| Defendants. | |

## ORDER

**APRIL 11, 2022**

**AND NOW**, upon consideration of the parties' motions to extend the time for discovery and filing dispositive motions,[1] and in light of the dispute regarding collection of medical records, where it appears that Plaintiff refuses to sign HIPAA authorizations for Defendants,[2] and the Court observing that—as this case is in litigation filed in federal court—Defendants do not need a HIPAA authorization from Plaintiff because they can subpoena the relevant medical records via Federal Rule of Civil Procedure 45,[3] and that Plaintiff, if desired, can request a copy of his medical records from a medical provider as he is legally entitled to access his own medical records,[4] **IT IS HEREBY ORDERED** that:

---

[1] Docs. 49, 51.
[2] *See* Doc. 50 ¶¶ 7, 11.
[3] *See* 42 C.F.R. § 164.512(e)(1)(ii)-(v) (establishing procedure for subpoena of medical records and protection from disclosure of those records).
[4] *See generally* 42 C.F.R. § 164.524(a)-(c).

1. The parties' motions for extension of the current case management deadlines are **GRANTED**.

2. Discovery shall be completed by June 17, 2022. The parties shall refrain from filing discovery requests with the Court.[5]

3. Dispositive motions, if any, shall be filed on or before July 17, 2022.

4. The scheduling of a final pretrial conference and trial is deferred pending disposition of dispositive motions, if any.

5. Plaintiff is on notice that Defendants are seeking relevant medical records related to the claims underlying this case, which claims put Plaintiff's healthcare and physical health directly at issue in this litigation. Thus, such medical records are discoverable by Defendants.[6] If Plaintiff has any legitimate objections to Defendants' requests for medical records—other than his general distrust of Defendants—he may raise those objections with the Court in a timely manner.

6. Upon receipt of any medical records by Defendants in response to a subpoena, Defendants shall turn over to Plaintiff a complete copy of those records. If Plaintiff desires to make his own requests for medical records, he can freely do so, but may be required to pay a reasonable copying fee as charged by the medical records provider(s).

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[5] *See* LOCAL RULE OF COURT 5.4(b).
[6] *See Hamill v. Twin Cedars Senior Living, LLC*, No. 3:20-CV-231, 2020 WL 5082570, at *2 (M.D. Pa. Aug. 27, 2020) (collecting cases).