# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT J. MURRAY, | No. 4:21-CV-00122 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| GENE CLARK, *et al.*, | |
| Defendants. | |

## ORDER

### APRIL 18, 2022

**AND NOW**, upon consideration of Plaintiff's "amended complaint,"[1] which Plaintiff improperly filed without leave of court or the opposing party's written consent,[2] and which likewise fails to comport with Local Rule of Court 15.1,[3] and upon consideration of Defendants' motion to strike the amended complaint,[4] to which Plaintiff has not responded, and the Court noting that the instant case is well past the pleading stage,[5] and further observing that Plaintiff attempts to name three new correctional defendants in his proposed "amended complaint" but that these claims—on the face of the amended complaint—would be barred by the statute of

---

[1] Doc. 35.
[2] *See* FED. R. CIV. P. 15(a)(2).
[3] *See* LOCAL RULE OF COURT 15.1.
[4] Doc. 37.
[5] *See, e.g.*, Doc. 9 (Defendants' answer filed in March 2021); Docs. 32, 52 (setting discovery and dispositive motion deadlines).

limitations and thus such proposed amendments would be futile,[6] **IT IS HEREBY ORDERED** that:

1. Defendants' motion (Doc. 37) to strike the amended complaint is **GRANTED** in part.

2. Plaintiff's "amended complaint," (Doc. 35), which was improperly filed but signed under penalty of perjury,[7] shall be construed as a declaration in support of Plaintiff's Eighth Amendment claims in the instant litigation.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[6] The statute of limitations for Section 1983 claims in Pennsylvania is generally two years. *See Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 602 (3d Cir. 2015). The events giving rise to Plaintiff's claims occurred in January 2019, over three years ago. *See* Doc. 1 at 4. Defendants correctly point out that attempting to add new correctional officer defendants whose identities were either known or discoverable at the beginning of this case would be futile; the statute of limitations—as appearing on the face of the proposed amended complaint—would bar such claims and require their dismissal. *See Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002).

[7] *See* Doc. 35 at 16.