In The United States District Court
For The Middle District of Pennsylvania



Robert J. Murray
   Plaintiff

                     Motion For An Order
                     Compelling Discovery

   V.

                     Civil Action No. 4:21-CV-00122

Gene Clark
   Defendant

Plaintiff moves this court for an order pursuant to Rule 37(a) of the Fed. Rules of Civil Procedure Compelling Defendants Gene Clark and Ronald (sargent) Murach to fully answer the unanswered interrogatories I submitted to them. Copies of which are attached hereto. I sent two sets of interrogatories to the defense. The first set I mailed on 12-27-21 and the second set on 2-7-22. Both sets were directed to the defendants individually. They answered some of the questions but mostly they beat around the bush or just plain lied about the rest. Then on 4-12-22 I mailed a list of 5 supplemental interrogatories to only Murach because I'd already had meant the 25 question limit to Clark and I was only at 19 with Murach. That's in accordance with Local Rule 33.3, which states I'm allowed up to 25 interrogatories per defendant. I never received a

single response to the 5 supplemental interrogatories I sent to them on 4-12-22. I've enclosed a copy of those questions. It was shortly after that I received an order dated 4-18-22 from the court granting a motion to strike an amended complaint about me wanting to add 3 new correctional defendants and that just is not true Your Honor. I sent the defense a response to that 4-18-22 order on 4-28-22 the same day as I did you Sir. Also, the response I sent them is basically the same one I sent you Your Honor. With the exception being I asked the defense to send me a copy of the aforesaid amended complaint that I supposedly filed. And naturally I got no response from the defense.

    I hope and pray you direct the defense to answer the supplemental questions I've enclosed along with producing the records from Geisinger that were given to Murach on the day I was discharged 1-29-19. Which I was told that PrimeCare had. Along with all the other records from first and second shifts pertaining to my medical condition. I did send them a signed release form for PrimeCare. I took the liberty of getting my records from PrimeCare myself like the defense suggested so I could be sure there was no funny business going on. I sent you a copy of both records and I mean just 2 records Your Honor, marked exhibit P. Don't you think that's very strange Sir, only 2 records from first shift and not 1 record from second shift pertaining to the medical emergency I was

suffering from, which almost took my life. The defense also needs to produce a copy of the aforesaid amended complaint that I supposedly filed. I've been very, very, patient and I've tried to do things in good faith like Local Rule 33.3 suggests. But there's no cooperation from the defense at all.

    I have no money for postage in order to send my original interrogatories and the defendants answers. But you already have them Your Honor. So I'm gonna write out the questions they dodged, didn't answer, or just plain lied about. Again, I hope and pray that you direct the defense to Answer the following questions: Which are compossed from Clarks answers to my interrogatories and the questions themselves.

4. Who was the trained medical staff that determined I needed to be transported. Their names and address's.

6.-8. The names and addresses of PrimeCare's medical staff that was on duty during 1st and 2nd shifts on 1-25-19. Also the name and address of the medical director. The defense claims this information is unknown and is only available from PrimeCare. You know as well as I know Your Honor that Jail knows who comes inside and when they leave. I guarantee those are well kept records.

9. My question to Clark was how many times did Rosenbaum make her aware of my medical emergency. Her answer was any communications about my condition are reflected in the incident reports. But there is not 1 single incident report filed from the first shift. Refer to exhibit Ma.

Clark needs to answer my question Your Honor. Clearly she's lying.

13.-14. It's very relevant. Her disciplinary records and all the grievances filed against her, including the results of the grievances. It will show a pattern of her behavior. Why did she get busted down from a sargent to a corporal.

16. My question to her was why did she tell Rosenbaum and Pollock to throw me back in my bed when it was so obvious there was something seriously wrong with me. She told them that even after Rosenbaum told her there's something seriously wrong with Murray, maybe a stroke. The nurse was right next to her when he told her. Refer to exhibit Ma, Pg. 3

17. Even a layperson would've known I was in desperate need of immediate medical assistance. Especially when 2 officer were right in front of her and the nurse physically holding me. And was made aware of my medical emergency again. So again, why didn't she instruct the nurse to examine me. She was the officer in charge of the first shift. Refer to exhibit Ma, P.3 Not one single record of my vitals being checked for the entire day. My vitals were never checked until the E.M.T.s arrived at 2330. Refer to exhibit Q.

- In addition to the 4 officer's I mentioned in the supp. interrogatories, I also need the full name and address of the reporting officer for incident report #3. Refer to exhibit Ma, Pg. 3

I also need to know the names and addresses of PrimeCare's medical staff that was on duty during the second shift on 1-25-19. Also the last name of the nurse and address that signed the 2 bogus reports from PrimeCare. Her first name is Natasha, can't read her last name. I know my records are covered under confidentiality laws but the medical staff from PrimeCare that work at the jail certainly are not. Like I said before Your Honor, that jail knows exactly who works there. When they come and when they leave. The full names of the medical staff from PrimeCare including there addresses along with the correctional staff I've requested is absolutely vital to my case. It is also my right to demand this information about the people I deem as my witnesses. Its a right guaranteed under Local Rule of Court 33.3. I don't see how the discovery deadline can be meant without the defense producing the information I've requested. Unless we can proceed directly to trial, which in that case each witness would be subpoenaed individually. The supp. interrogatories are in a different envelope.

Dated: May 25, 2022

Robert J. Murray
Robert J. Murray QA2794
SCI-Dallas, 1000 Follies Rd.
Dallas, Pa. 18612

Smart Communications/PADOC
SCI-Dallas
NAME Robert Murray
NUMBER QA2794

SCI Dallas
1000 Follies Rd
Dallas PA 18612

RECEIVED
WILLIAMSPORT
JUN 06 2022
PER _____ DEPUTY CLERK

INMATE MAIL

US POSTAGE ᴾᴵᵀᴺᴱʸ ᴮᴼᵂᴱˢ
ZIP 18612 $ 000.53⁰
02 4W
0000385735 JUN 02 2022

Office of the Clerk
U.S. District Court
Middle District of Pa.
U.S. Courthouse, Suite 218
240 West Third St.
Williamsport, Pa. 17701-6460