IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT J. MURRAY,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>GENE CLARK, *et al.*,<br><br>　　　Defendants. | No. 4:21-CV-00122<br><br>(Chief Judge Brann) |

## ORDER

### AUGUST 10, 2022

**AND NOW**, upon consideration of Plaintiff's June 6, 2022 motion to compel discovery,[1] in which Plaintiff asserts that he has not received answers to his supplemental interrogatories to defendant Ronald Murach and has received incomplete or evasive answers on initial interrogatories,[2] and also upon consideration of Plaintiff's July 15, 2022 motion for an extension of time to complete discovery,[3] **IT IS HEREBY ORDERED** that:

　　1.　Plaintiff's motion to compel (Doc. 63) is **GRANTED** in part, as follows:

　　　　a.　Defendant Ronald Murach shall answer Plaintiff's supplemental interrogatories (*see* Doc. 64) numbers 2 (first question only), 3, 4 (full names only), and 5 (full names only). Interrogatory number 1 is not a question.  The second part of interrogatory number 2 is overly broad and does not specify any

---

[1]　Doc. 63.
[2]　*See id.* at 1-2, 3-4.
[3]　Doc. 68.  This motion is dated July 15, 2022, and was received by the Court on July 18, 2022.

        relevant prison official.  Interrogatory numbers 4 and 5 request personal addresses for prison officials; such information is a security risk and will not be provided to Plaintiff.  If Plaintiff seeks to call a prison official as a witness at trial, defense counsel has indicated that Wyoming County will produce such county-employee witnesses without a subpoena.  *See* Doc. 70 ¶ 7.  The Court further observes that, as there is no date certain for a trial, Plaintiff is currently unable to issue subpoenas for witnesses to appear and testify.

    b.    Defendant Jean Clark shall provide to Plaintiff any information (in particular, copies of any prison records) regarding the identity of medical staff present in Wyoming County Prison on January 25, 2019.  *See* Doc. 36-1 at 3-4 (interrogatory numbers 6-8).  If no such records are kept or exist, Clark shall so indicate.

    c.    Clark shall answer interrogatory number 9 to the best of her ability.  The question asks: "How many times did Corporal Rosenbaum tell you that something was seriously wrong with Murray and that Mr. Murray thought he was having a stroke?"  *See* Doc. 36-1 at 4.  Clark's written answer, (*see* Doc. 70-2 at 10), is not responsive to Plaintiff's question.

2.    Plaintiff's motion to compel is **DENIED** in all other respects.  In particular, the Court notes that Defendants have provided responsive answers to nearly all of Plaintiff's initial interrogatories.  *See* Doc. 70-2 at 2-12.  As to Defendants' objections to interrogatory numbers 13 and 14, (*see id.* at 11), those requests for documents are overly broad and seek information and records that are irrelevant to the instant civil action.

3.    Plaintiff's motion (Doc. 68) to extend the current case management deadlines is **GRANTED** as follows:

    a.    Discovery shall be completed by <u>August 31, 2022</u>.  The parties shall refrain from filing discovery requests with the Court.[4]

---

[4]    *See* Local Rule of Court 5.4(b).

      b.    Dispositive motions, if any, shall be filed on or before <u>September 30, 2022</u>.

      c.    The scheduling of a final pretrial conference and trial is deferred pending disposition of dispositive motions, if any.

4.    In Plaintiff's July 15 motion to extend the current case management deadlines, he states that he mailed his first "request for admissions" to defense counsel on June 16, 2022, but did not receive a response. Plaintiff is admonished that, pursuant to Federal Rule of Civil Procedure 36, Defendants have 30 days to respond following service of a request for admission.  *See* FED. R. CIV. P. 36(a)(3).

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge